UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KARA LEE HEWETT,<br>    Plaintiff,<br><br>    v.<br><br>TRIPLE POINT TECHNOLOGY, INC.,<br>    Defendant. | No. 3:13-cv-1382 (SRU) |

### ORDER

On December 21, 2014, defendant Triple Point Technology, Inc. ("TPT") moved for sanctions against plaintiff Kara Lee Hewett. (doc. 231) After allowing considerable communications and briefing from both parties, on September 21, 2015, I issued a notice to the parties regarding the grounds for possible sanctions and scheduled a hearing on TPT's motion. (doc. 393) At the hearing on October 22, 2015, both parties were given an opportunity to present arguments on the motion. (doc. 435) On October 30, 2015, I granted in part and denied in part the motion, and ordered Hewett to pay TPT $4,380 in legal fees (the "Ruling"). (doc. 451) Hewett then filed a motion for reconsideration on the same day, (doc. 452), and subsequently filed various additional documents in support of her motion, *see* (docs. 453–461).  TPT filed an opposition on November 17, 2015 (doc. 462), and Hewett filed a reply the same day (doc. 463).

For the following reasons, Hewett's motion for reconsideration is **granted in part and denied in part.**

I.    Background

The events leading up to the initial motion for sanctions are set out in my October 30, 2015 ruling. (doc. 451)

**II.     Standard of Review**

The standard for granting motions for reconsideration is strict; motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Motions for reconsideration will not be granted where the party merely seeks to relitigate an issue that has already been decided. *Id.* The three major grounds for granting a motion for reconsideration in the Second Circuit are: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice. *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478).

**III.    Discussion**

Hewett raises several grounds on her motion for reconsideration of the Ruling. None is sufficient to reach the high bar that is required.

First, Hewett argues that the Ruling should be reconsidered because she is now remorseful for her behavior and has attempted to seal or withdraw her most offensive filings. Pl.'s Mot. Reconsid. at 1. Although that new attitude is welcome, it does not negate the costs Hewett has already imposed on opposing counsel and this court. Each time she filed a new document or sent opposing counsel an email, Hewett created a costly obligation for TPT to review the communication and determine whether a response was warranted. She cannot undo those costs now with an expression of remorse.

Similarly, Hewett's argument that costs are not warranted for opposing counsel's work with respect to her second motion to disqualify opposing counsel is incorrect. *See* Pl.'s Mot. Reconsid. at 4. Although TPT may not have filed a response to Hewett's motion before it was withdrawn, opposing counsel was still required to consider her voluminous filings, *see* (docs. 259, 261, 262, 263, 264, 265, 267, 268, 269, 271, 272, 273, 274, 275, 276, 277, 278), and to prepare for and attend an hour-long phone conference to discuss Hewett's conduct, (doc. 296). Taking up an attorney's time with frivolous motions costs money.

Hewett argues that there are factual errors in the Ruling that merit reconsideration. Pl.'s Mot. Reconsid. at 2. She asserts that her previous legal actions against opposing counsel in other cases have been mischaracterized. *Id.* TPT disputes that argument. But even if Hewett is correct, the relevant fact here is that, as a result of those legal proceedings, Hewett is an experienced and sophisticated *pro se*. Given her history of litigation, it is clear that Hewett's actions in targeting opposing counsel in this case were intentional and calculated.

Hewett also argues that she was not given notice of the basis for sanctions before they were imposed. That contention is flatly contradicted by the record. Hewett was sanctioned under the inherent authority of this court.[1] As I noted in the Ruling, TPT's motion included the court's inherent authority as one of bases for sanctions. *See* TPT Mot. Sanctions at 1, 10–11 (doc. 231). I

---

[1] Hewett makes several arguments regarding TPT's failure to comply with the Safe Harbor provision of Rule 11 of the Federal Rules of Civil Procedure. *See, e.g.*, Pl.'s Mot. Reconsid. at 2, 3, 4; Pl.'s Aff. at 1, 2, 3 (doc. 454). Because TPT did not move for Rule 11 sanctions and because Hewett was not sanctioned under Rule 11, those arguments are inapposite.

    She also objects that her conduct does not meet all of the requirements of the Connecticut definition of "harassment" for the purposes of criminal prosecutions under state law. *See, e.g.*, (docs. 455 , 456, 457) (discussing Conn. Gen. Stat. § 53a-183(a)(2)). But because this is not a criminal proceeding, the definition provided therein is irrelevant. Hewett's incessant communications to opposing counsel, including distressing accusations that opposing counsel was literally responsible for Hewett's imminent death, clearly constitute harassment for the purposes of a sanction order.

also issued a notice along with the calendar entry setting the hearing on TPT's motion for sanctions that states:

> Plaintiff is also put on notice of the legal grounds for any potential sanctions. Defendant's Motion specifies two legal grounds for possible sanctions: 28 U.S.C. § 1927 and the inherent powers of this Court. . . .
>
> [A]ll district courts have the inherent power to supervise and control their own proceedings, and to sanction counsel or a litigant for disobeying a court's orders or for bad-faith conduct. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49–50 (1991). In particular, a court may award attorneys' fees against a litigant under its inherent powers only if the record demonstrates clear evidence that the challenged actions are entirely without color and are taken for reasons of harassment or delay or for other improper purposes. *Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir. 1986).

(doc. 393) To draw the parties' attention to that notice, the calendar entry for the hearing states: "The Parties should be prepared to argue with particularity the motion at issue. The Parties should also be aware of the accompanying Notice, which indicates the relevant conduct and legal grounds." *Id.*

Finally, Hewett asserts that the sanctions should be reconsidered because of her financial circumstances. Although Hewett states that she has limited means because her current employment ends in December and she has medical costs, she "has not provided evidence of financial hardship such as to render the sanctions a manifest injustice." *Herrera-Mendoza v. Byrne*, No. 3:05 CV 1195 (RNC), 2006 WL 3388391, at *1 (D. Conn. Nov. 21, 2006) Moreover, her limited ability to pay has already been taken into account—I imposed monetary sanctions in the amount of only two-thirds of TPT's already-modest request.

Although I do not, as a substantive matter, accept any of Hewett's arguments, I have determined that the current order, which prevents Hewett from filing any new documents until the sanctions order has been paid in full, may be too harsh because, according to Hewett's filings, it will force her out of the case. Accordingly, although Hewett's motion is denied to the

extent that she seeks to avoid the obligation to pay monetary sanctions to TPT, or to lower that amount, she may now resume filing *relevant* documents on the docket. As I noted in the initial sanctions order, however, Hewett is still at risk of incurring further sanctions should she continue filing vexatious, irrelevant, or abusive materials in this case.

**IV.     Conclusion**

Hewett's motion for reconsideration (doc. 452) is granted in part and denied in part. The Clerk may now accept filings from Hewett. Hewett's motion for reconsideration (doc. 452) also includes what purports to be a notice of appeal of the initial order, and I direct the Clerk to treat that document as such a notice.

So ordered.

Dated at Bridgeport, Connecticut, this 23rd day of November, 2015.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge