UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KARA LEE HEWETT,<br>        Plaintiff,<br><br>    v.<br><br>TRIPLE POINT TECHNOLOGY, INC.,<br>        Defendant. | No. 3:13-cv-1382 (SRU) |

## ORDER

On December 4, 2015, the *pro se* plaintiff, Kara Lee Hewett, docketed a letter, doc. 485, requesting that I recuse myself from this case because of my alleged "anger and rage" during a hearing to determine whether financial sanctions should be imposed against Hewett. Construing that letter as a motion for recusal, it is **denied**.

Under 28 U.S.C. § 455(a), a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Under 28 U.S.C. § 455(b)(1), a federal judge shall also disqualify himself "[w]here he has a personal bias or prejudice concerning a party." "Discretion is confided in the district judge in the first instance to determine whether to disqualify himself." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988), *cert. denied*, 490 U.S. 540 (1989) (citation omitted). The judge must recuse himself if circumstances exist which constitute an objectively reasonable basis upon which to question the judge's impartiality, such as circumstances showing "a deep-seated favoritism or antagonism that would make fair judgment almost impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion" and "can only in the rarest circumstances evidence the degree of favoritism or antagonism required." *Id.*

Hewett's motion is based on my "rage" during a hearing to discuss financial sanctions against her, as well as subsequent decisions regarding the sanctions that were ultimately awarded. On October 21, 2015, I held a hearing on the defendant's motion for sanctions. At that hearing, I spoke sternly to Hewett about her conduct throughout the litigation, in particular about her habit of sending voluminous and occasionally threatening emails to opposing counsel. (doc. 435) I subsequently issued a ruling describing Hewett's inappropriate conduct at length, and awarding the defendant monetary sanctions that were reduced to reflect Hewett's financial condition. (doc. 451) That ruling conditioned Hewett's ability to file documents in this case on her payment of the sanctions in full. Hewett moved for reconsideration, asserting, *inter alia*, that the latter condition would effectively end the case because of her inability to pay. (doc. 452) I granted Hewett's motion in part, lifting the filing ban, but leaving in place the monetary award. (doc. 472) Defense counsel then moved for a telephone conference, pointing out that my ruling on the motion for reconsideration failed to set a schedule for sanctions payments so that the defendant could bring a claim if Hewett failed to follow the ruling. (doc. 473) I corrected that error on December 1, 2015, ordering Hewett to pay the sanctions in full within 21 days of that order. (doc. 481)

Hewett now argues that I should recuse myself because she believes that I displayed anger toward her during the hearing, and further asserts that the December 1 order was an act of anger or retribution because Hewett had filed an appeal of the sanctions order. To the extent that Hewett is moving for recusal simply because she disagrees with my rulings, her motion must fail. *See Liteky*, 510 U.S. 555 (asserting that such an argument is "almost never" sufficient). Moreover, taking as true Hewett's allegations that I became angry at her during the hearing, she has nevertheless failed to show that such a "deep-seated antagonism" that a fair ruling would be

impossible—indeed, several of the rulings that Hewett challenges have been favorable to her, including a grant of reduced sanctions and my willingness to reconsider my previous ruling to allow her to continue in the case. *See Jones v. Hirschfeld*, 348 F. Supp. 2d 50, 57 (S.D.N.Y. 2004) (holding that "the Court's expressions of irritation toward the defendant and his lawyer" were insufficient to merit recusal, and instead were appropriate "admonishments to the defendant to take the case seriously and cease his haphazard behavior"); *see also In re Drexel Burnham Lambert Inc.*, 861 F.2d at 1316 (observing that some "sharpness in colloquy between judge and counsel" can be "well within the acceptable boundaries of courtroom exchange"). Hewett has also has not shown, nor even tried to show, "'any personal connection, relationship or extrajudicial incident which accounts for the alleged personal animus of [this court].'" *Clemmons v. Comm'r of Soc. Sec.*, No. 11-CV-1645 KAM, 2011 WL 6130926, at *6 (E.D.N.Y. Dec. 8, 2011) (quoting *In re Int'l Bus. Machines Corp.,* 618 F.2d 923, 928 (2d Cir.1980)) (alterations in original).

Accordingly, Hewett's request for recusal is wholly without merit and is therefore **denied.**

So ordered.

Dated at Bridgeport, Connecticut, this 11th day of January, 2016.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge
