UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KARA LEE HEWETT,<br>    Plaintiff,<br><br>        v.<br><br>TRIPLE POINT TECHNOLOGY, INC.,<br>    Defendant. | No. 3:13-cv-1382 (SRU) |

ORDER

On July 15, 2015, the defendant, Triple Point Technology, Inc. ("TPT"), filed a motion for summary judgment in this case. (doc. 338) After voluminous briefing and numerous unsuccessful attempts to schedule a hearing on that motion, *see, e.g.*, (docs. 538, 541, 544, 550), on March 21, 2016, I granted TPT's motion, (doc. 566); *see also* (doc. 573) (corrected order). On March 25, 2016, Hewett filed a motion for reconsideration of that order. (doc. 577); *see also* (doc. 581) (amended motion).[1]

For the following reasons, Hewett's motion is **denied**.

**I.      Standard of Review**

The standard for granting motions for reconsideration is strict; motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Motions for reconsideration will not be granted where the party merely seeks to relitigate an issue that has already been decided. *Id.* The three major grounds for

---

[1] Hewett subsequently filed what appears to be a further amended motion for reconsideration of the summary judgment order, but is in fact a mislabeled motion for reconsideration of the sanctions order pending against her in this case. *See* (doc. 589).

granting a motion for reconsideration in the Second Circuit are: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice. *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478).

**II.     Discussion**

Hewett makes several arguments in support of her motion for reconsideration, including: (1) Hewett did give her employer adequate notice of her intention to use FMLA leave; (2) her termination constitutes a denial of FMLA leave; (3) she has sufficiently shown disparate treatment; and (4) she has sufficiently shown that the reasons given for her termination were pretextual. The bulk of those are clearly attempts to relitigate issues squarely addressed in my previous Order. *See, e.g.*, Corr. Order at 10–11 (assuming, *arguendo*, that Hewett did give TPT sufficient notice of her intent to take FMLA leave); *id.* at 11–13 (rejecting Hewett's arguments that termination constitutes a denial of FMLA leave); *id.* at 18 (observing that Hewett had failed to provide meaningful evidence of disparate treatment); *id.* at 16–18 (rejecting Hewett's arguments that TPT's justification for her termination was pretextual); *id.* at 6 n.2 (rejecting Hewett's interpretation of 29 C.F.R. § 825.207(a)). And to the extent that Hewett attempts to meet the "new evidence" standard for a motion for reconsideration, particularly in her discussion of disparate treatment, she has failed to present any evidence that is "newly discovered or . . . could not have been found by due diligence." *United States v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir. 1983) (citations omitted); *see also Palmer v. Sena*, 474 F. Supp. 2d 353, 355 (D. Conn. 2007) ("A motion for reconsideration cannot be employed as a vehicle for

asserting new arguments or for introducing new evidence that could have been adduced during the pendency of the underlying motion.") (internal quotation marks and citation omitted).

The remainder of Hewett's arguments hinge on a typographic error in the Order. She points out that the Order incorrectly states the date of an April 24, 2012 email, which I determined at least arguably put TPT on notice of Hewett's potential future need for FMLA leave, as having been sent on April 24, 2015. Pl.'s Am. Br. at 14. But my regrettable typographical error[2] does not change the analysis—Hewett's need for FMLA leave would not protect her from what appear to be well-documented legitimate business reasons for her termination over a year after that email was sent. *See* Corr. Order at 16–19.

### III.  Conclusion

Hewett's amended motion for reconsideration is **denied**, (doc. 581), and her initial motion for reconsideration is **denied as moot** in light of the amended brief, (doc. 577).

Hewett has also filed several motions that are mooted out by either this order, or previous orders that have been entered in this case. Those motions are disposed of as follows: Hewett's motion to vacate the judgment (doc. 575) is **denied as moot** in light of this ruling; Hewett's motions to again reconsider the order imposing sanctions upon her (docs. 589 and 595) are **denied as repetitive** and for the reasons stated in my previous Order (doc. 590); and finally, Hewett's motions for a hearing on either of her motions for reconsideration (docs. 579, 605) are **denied as moot** because those motions have been decided on the papers.

So ordered.

Dated at Bridgeport, Connecticut, this 2nd day of June 2016.

---

[2] A second corrected Order will follow this ruling.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge